UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Abdi G., | File No. 26-CV-1147 (JMB/ECW) |
| Petitioner, | |
| v. | |
| Kristi Noem, *Secretary, Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Custom* and David Easterwood, | ORDER |
| Respondents. | |

John R. Browning, Hennepin County Adult Representation, Minneapolis, MN, for Abdi G.

David Fuller and Jesus Cruz Rodriguez, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Todd M. Lyons, and David Easterwood.

This matter is before the Court on Petitioner Abdi G. 's[1] Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Kristi Noem, Todd M. Lyons, and David Easterwood (together, "Respondents") are named in the Petition. For the reasons explained below, the Court grants the Petition in part.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

## FINDINGS OF FACT[2]

1. Abdi G. is a native and citizen of Somalia. (Pet. ¶ 3.)

2. Abdi G. entered the United States in 1998 and was granted asylum that same year. (*Id.*)

3. On February 7, 2000, Abdi G. was committed as Mentally Ill and Dangerous and indeterminately committed on May 2, 2000. (Doc. No. 1-7 at 1.)

4. In 2003, Abdi G. was ordered deported following a 2001 criminal conviction for first degree criminal sexual conduct in the state of Minnesota. (Pet. ¶ 3, 33.) At that time, and ever since then, ICE has been unable to execute Abdi G.'s removal to Somalia, and placed him on an Order of Supervision, with annual check-ins. (*Id.* ¶ 3.)

5. Abdi G. was sentenced to serve 48 months in prison, with a five-year term of conditional release. (Doc. No. 1-7 at 1.) His sentence expired in 2006. (*Id.*) Abdi G. progressed from the Minnesota Security Hospital to the St. Peter Regional Treatment Center, and then to the community in July 2015. (*Id.*)

6. In 2020, the Hennepin County Attorney's Office agreed with Abdi G.'s request to move to a secured, 24-hour staffed residential facility for persons over age 55. (*Id.* at 2.) He was fully compliant with his provisional discharge from July 2015 through December 3, 2025, when Respondents arrested him. (*Id.*)

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

7. On December 3, 2025, Abdi G. was arrested inside his group home, without a warrant. (Pet. ¶¶ 2–3.)

8. Abdi G. remains under a civil commitment order which mandates significant supervision and monitoring, and he also has a diagnosis of schizophrenia. (*Id.* ¶ 33.)

9. On January 26, 2026, a judge in the Fourth Judicial District Court of the State of Minnesota ordered that Abdi G. be apprehended and held because his arrest and detention by ICE caused him to violate the conditions of his provisional discharge. (*Id.* ¶ 39.) The court concluded that because Abdi G. had involuntarily violated the terms of his provisional discharge and because he was indeterminately committed as a mentally ill and dangerous person to the head of the Minnesota Department of Health Forensic Mental Health Program, he should be ordered apprehended and held in the custody of the Forensic Mental Health Program. (Doc. No. 1-7 at 3.)

10. ICE never formally notified Abdi G. that it was revoking his order of supervision, nor has ICE identified a change in circumstance justifying revocation of his order of supervision. (Pet. ¶ 41.)

11. ICE does not currently have a plan to remove Abdi G. to Somalia or any other country, nor has an effort been made to obtain travel documents for him. (*Id.*)

12. On February 6, 2026, Abdi G. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.)

13. On February 6, 2026, the Court ordered Respondents to file a response to the Petition by February 9, 2026, at 11:00 a.m. (Doc. No. 3.) The Court ordered Respondents to address "whether the absence of a warrant preceding Petitioner's arrest necessitates

Petitioner's immediate release." (*Id.*)

14. Respondents timely filed their Response to the Petition (Doc. No. 4); however, the declaration in support of Respondents' response was filed after the deadline to do so. (Doc. No. 5.) Because it is untimely, the Court excludes the declaration and will not consider its substance.

15. Abdi G. timely filed his reply on February 11, 2026. (Doc. No. 7.)

## DISCUSSION

Abdi G. argues that ICE's re-detention of him on February 6, 2026, violated the law because ICE did not comply with its own regulations under section 241.13(i)(2)–(3).[3] (Pet. ¶¶ 55–57; Doc. No. 6 at 2–5.) The Court agrees and grants Abdi G.'s Petition in part.[4]

### A. Constitutional Guarantee of Habeas Review and Due Process

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

---

[3] Thus, Respondents did not support their arguments with any admissible evidence or factual statements, and the Court deems the factual allegations in the Petition unopposed. *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those arguments or claims)).

[4] Given its decision to grant the Petition, the Court need not address the remaining counts in the Petition. The Court also does not address the Petition's request for an award of fees and costs under the Equal Access to Justice Act; Abdi G. may move separately for such relief within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

(concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law."  *Hamdi*, 542 U.S. at 525 (quotation omitted).  The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted).  The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence.  *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

In addition, the Court concludes that it has jurisdiction to hear this Petition. Under section 2241, federal courts have jurisdiction to order the release of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. More specifically, federal courts have jurisdiction to decide section 2241 petitions for habeas corpus filed by persons who remain detained after a deportation order has become final. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Because Abdi G. does not challenge the removal order but instead challenges the revocation of his supervised release and his continued detention, the Court has jurisdiction to decide the questions raised about the lawfulness of its current re-detention by Respondents.

### B.     Failure to Present any Argument Concerning 8 U.S.C. § 1226(c)

The Court observes that Respondents make no argument that detention of Abdi G. is mandatory pursuant to section 1226(c).  Likewise, Abdi G. did not address this statutory provision.  Absent a well-developed argument, the Court declines to consider whether this provision provides a basis for Abdi G.'s detention by Respondents.

### C.     Violations of Regulations Governing Revocation of Supervised Release

Abdi G. asserts that his detention is unlawful and that he should be immediately returned to state custody because Respondents, having previously released him on an Order of Supervision, violated applicable regulations by failing to provide adequate notice that his Order of Supervision was revoked and the reasons for revocation, by failing to sufficiently demonstrate changed circumstances that render his removal significantly likely in the reasonably foreseeable future, and by failing to provide him an initial informal interview promptly upon his re-detention.  (*See* Pet. ¶ 57 (citing 8 C.F.R. § 241.13(i)(3).)  The Court agrees with Abdi G. and grants the Petition on this basis to the extent he requests immediate return to state custody.

Specific regulations control the federal government's ability to detain, release, and revoke the release of noncitizens subject to orders of removal.  Government agencies are required to follow their own regulations.  *See United States ex rel. Accordi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Sarail A. v. Bondi*, No. 25-CV-2144 (ECT/JFD), 2025 WL 2533673, at *2 (D. Minn. Sep. 3, 2025).  8 C.F.R. § 241.13 applies when ICE has previously determined that there is no significant likelihood that the noncitizen will be

6

removed in the reasonably foreseeable future, provided that no special circumstances justify continued detention. *Id.* § 241.13(g).

When an individual is released pursuant to section 241.13, that release can be revoked on two grounds: violation of supervised release or changed circumstances. *Id.* § 241.13(i). Under the latter, ICE "may revoke [a noncitizen's] release under this section and return the [noncitizen] to custody if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2). To make such a reasoned determination, the agency must "consider[] factors probative of the [noncitizen's] future removal," such as the factors set out in section 241.13(f). *Sarail A.*, 2025 WL 2533673, at *7 (citing cases); *see also Kong v. United States*, 62 F.4th 608, 620 n.13 (1st Cir. 2023) (referring to the factors in subsection (f) as relevant to the subsection (i)(2) determination governing re-detention of a noncitizen released under section 241.13).

In either case—violation of supervised release or changed circumstances—the regulations require ICE to notify the noncitizen "of the reasons for revocation of his or her release" and to conduct an initial informal interview promptly after the noncitizen's return to custody to afford the noncitizen an opportunity to respond to the reasons for revocation stated in the notification. 8 C.F.R. § 241.13(i)(3). Respondents neither allege nor provide documentation that they complied with this requirement. Section 241.13 places the burden on ICE to establish that "changed circumstances" justified the revocation of release. *Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025); *Escalante v. Noem*, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug.

7

2, 2025); *Nguyen v. Hyde*, No. 25-CV-11470-MJJ, 2025 WL 1725791, at *3 n.2 (D. Mass. June 20, 2025).

Respondents failed to comply with the requirements of section 241.13(i). Respondents have offered no reasons at all for revoking Abdi G. 's supervised release. There is nothing in the record to suggest changed circumstances or that he will be removed in the reasonably foreseeable future, nor that ICE made any reasoned determination to revoke his supervised release. Finally, Abdi G. has shown that Respondents neither provided him with any reasons for the revocation of his release nor promptly provided the required initial informal interview. (*Id.* ¶¶ 55–57.)

Accordingly, Abdi G. has shown that ICE's re-detention of him on December 3, 2025, violated the law because ICE did not comply with its own regulations under section 241.13(i)(2)–(3). Petitioner must be returned to state custody immediately.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED in part and DENIED in part, as follows:

1. Respondents' untimely Declaration (Doc. No. 5) in support of their Response is hereby STRICKEN.

2. Respondents are ORDERED to return Petitioner to the custody of Minnesota Department of Human Services Forensic Mental Health Program, subject to and in accordance with the conditions in his preexisting Order of Supervision, no later than 4:00 p.m. CST on February 12, 2026.

3. On or before 11:00 a.m. CT on February 13, 2026, counsel for Respondents shall file a letter affirming that Petitioner was remanded to state custody in accordance with this Order. Counsel shall also file a declaration on or before 11:00 a.m. CT on February 13, 2026, pursuant to 28 U.S.C. § 1746 by an

individual with personal knowledge that states when and where the Petitioner was returned to state custody, attaches any and all documentation concerning the Petitioner's return to state custody, and affirms that all property of Petitioner was returned to Petitioner upon his return to state custody (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).  If Petitioner was transferred out of Minnesota prior to the Court's Order granting the Petition, counsel shall also file a declaration on or before <u>11:00 a.m. CT on February 13, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that includes the following: (a) the name or names of any individual or individuals who authorized Petitioner's transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and date when that decision was made; (d) the time and date when Petitioner was moved; and (e) what efforts Respondents took to return Petitioner to Minnesota as ordered by the Court.

4. To the extent Petitioner seeks relief beyond an order requiring return to state custody, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 12, 2026    /s/ *Jeffrey M. Bryan*
           Judge Jeffrey M. Bryan
           United States District Court